J-S25008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN AYBAR | : | |
| | : | |
| Appellant | : | No. 2636 EDA 2022 |

Appeal from the PCRA Order Entered September 30, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002836-2010

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 7, 2023**

Appellant Edwin Aybar appeals *pro se* from the order dismissing his second Post-Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant contends that the Pennsylvania Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021) constitutes a newly discovered fact that satisfies an exception to the PCRA time bar and argues that prior counsel was ineffective.  We affirm.

A prior panel of this Court summarized the relevant facts and procedural history of this case as follows:

> In 2010, Appellant was charged with two counts each of attempted homicide, aggravated assault, simple assault, recklessly endangering another person, and terroristic threats; one count each of attempted robbery and robbery; and two firearms offenses.  The charges stemmed from a robbery and

---

[1] 42 Pa.C.S. §§ 9541-9546.

shooting by Appellant that left two individuals, Carlos Rosario and Jonathan Planas, seriously injured.

On June 8, 2011, Appellant pleaded guilty, but at his sentencing hearing one month later, the trial court rejected his plea and set his case for trial. Following trial, a jury found Appellant guilty of attempted homicide, aggravated assault, robbery-inflicting serious bodily injury, and firearms not to be carried without a license.[2] On November 23, 2011, the trial court sentenced Appellant to an aggregate term of 28 to 60 years of incarceration.

After Appellant's appellate rights were reinstated *nunc pro tunc*, Appellant filed an appeal. This Court affirmed his judgment of sentence on May 22, 2014, and our Supreme Court denied his petition for allowance of appeal on March 17, 2015. ***Commonwealth v. Aybar***, [1591 EDA 2012,] 104 A.3d 54 [](Pa. Super. [filed May 22,] 2014) (unpublished mem[.]), *appeal denied*, 112 A.3d 648 (Pa. 2015).

Thereafter, Appellant retained private counsel who filed a timely [first] PCRA petition on Appellant's behalf on June 7, 2016. . . . After PCRA counsel obtained and reviewed the record and relevant transcripts, he filed with the PCRA court a motion to withdraw and no-merit brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court permitted PCRA counsel to withdraw on June 13, 2017, and on July 10, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely *pro se* response, raising several new claims. On October 3, 2017, the PCRA court issued an order and opinion denying Appellant's petition.

***Commonwealth v. Aybar***, 528 EDA 2017, 2019 WL 3239469, at *1 (Pa. Super. filed Jul. 18, 2019) (footnote and some citations omitted and formatting altered) (unpublished mem.).

Appellant filed a timely appeal, and on July 18, 2019, this Court affirmed the order denying Appellant's first PCRA petition. ***See id.*** at *3. Our Supreme

---

[2] 18 Pa.C.S. §§ 901, 2702(a)(1), 3701(a)(1)(i), and 6106, respectively.

Court denied Appellant's petition for allowance of appeal on February 27, 2020. *See Commonwealth v. Aybar*, 487 MAL 2019, 223 A.3d 1287 (Pa. 2020).

On May 3, 2022, Appellant filed the instant *pro se* PCRA petition, his second. On July 20, 2022, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant subsequently filed a *pro se* response to the PCRA court's Rule 907 notice asserting that *Bradley* constituted a newly discovered fact and an exception to the PCRA time bar. *See* Response, 8/15/22. On September 30, 2022, the PCRA court dismissed Appellant's second PCRA petition as untimely, and Appellant timely appealed. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues, which we have reordered as follows:

1. Whether [] *Commonwealth v. Bradley* [, 261 A.3d 381 (Pa. 2021),] constitutes newly discovered and newly presented evidence, pursuant to the 3rd Cir. Court's decision in *Reeves v. Fayette SCI*[,] 897 F.3d 154 [(C.A.3 (Pa.) 2018)].

2. Whether the change in "Rule 907" applies to [Appellant] and give an opportunity to raise his PCRA counsel ineffectiveness, when [Appellant] objected to "Rule 907" on his first PCRA petition appeal denying [Appellant] equal protection, due process and [Fifth] Amendment right under the law to both state and federal constitutions.

3. Whether appeal counsel was ineffective for failing to raise meritorious issues, knowing the existence of a conflict of interest between attorney and client, in violation of [Appellant's] Fifth, Six and Fourteenth Amendment rights to the United States Constitution. *Strickland v. Washington*,

[466 U.S. 668 (1984),] ***Martinez v. Ryan***, [566 U.S. 1 (2012),] and its progenies.

4. Whether direct appeal counsel provided ineffective assistance by abandoning [Appellant's] claims of merits thereby denying [Appellant] his state and federal constitutional rights to due process pursuant to clearly established federal law. ***Strickland v. Washington***, [466 U.S. 668 (1984),] and ***Roe v. Flores-Ortega***[, 528 U.S. 470 (2000)].

5. Whether a conflict of interest existed between attorney and [Appellant] that denied [Appellant] his due process rights and effective assistance of counsel. ***Strickland v. Washington***[, 466 U.S. 668 (1984)].

6. The trial court abused its discretion and otherwise denied [Appellant] due process and equal protection of the law under the Pennsylvania and United States constitutions as well of the benefit of an accepted plea agreement, when it had *sua sponte* withdrawn [Appellant's] guilty plea; further, direct appeal and PCRA counsel provided ineffective assistance in failing to present and preserve this claim for adjudication and/or appellate review.

7. Whether trial counsel was ineffective for failing to object to the misapplication of the Sentencing Guidelines during [Appellant's] sentence.

Appellant's Brief at 2-3 (formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see also Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa. Super. 2019) (citation omitted) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 5 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's burden to plead and prove that one of the timeliness exceptions applies. **Commonwealth v. Blakeney**, 193 A.3d 350, 361 (Pa. 2018) (citation omitted).

As stated previously, this Court affirmed Appellant's judgment of sentence on May 22, 2014, and our Supreme Court denied his petition for allowance of appeal on March 17, 2015. Therefore, Appellant's judgment of sentence became final ninety days later, on Monday, June 15, 2015, when the time to file a petition for *certiorari* in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **see also** U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until June 15, 2016, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). Here, Appellant did not file his second PCRA petition until May 3, 2022, and therefore, Appellant's petition is facially untimely.

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

Appellant concedes that his second PCRA petition was untimely.  ***See*** Appellant's Brief at 7.  However, Appellant contends that our Supreme Court's decision in ***Bradley*** constitutes a newly discovered fact and an exception to the PCRA time bar.  ***Id.*** at 7-8.  We disagree.

Our Supreme Court has held that

> judicial determinations do not satisfy the newly discovered fact exception because an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events.  The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

***Commonwealth v. Reid***, 235 A.3d 1124, 1146 (Pa. 2020) (citations omitted and formatting altered).  "[S]ubsequent decisional law does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA." ***Id.*** (citation omitted and formatting altered).

Moreover, although Section 9545(b)(1)(iii) provides an exception to the PCRA's time bar where the petitioner pleads and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively,"[4] this Court has held that the ***Bradley*** decision does not satisfy the PCRA's newly recognized constitutional right exception. ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023).  Additionally, "the ***Bradley***

---

[4] 42 Pa.C.S. § 9545(b)(1)(iii).

[C]ourt did not hold that its ruling should apply retroactively as required by 42 Pa.C.S. § 9545(b)(1)(iii)." ***Commonwealth v. Koehler***, 3007 EDA 2022, 2023 WL 5973116, at *2 (Pa. Super. filed Sept. 14, 2023) (unpublished mem.);[5] ***Commonwealth v. Dixon***, 1145 EDA 2022, 2022 WL 17973240, at *3 (Pa. Super. filed Dec. 28, 2022) (unpublished mem.) (stating "***Bradley*** is properly understood as a reassessment of appellate procedure in cases involving claims for collateral relief. It is not, as section 9545(b)(1)(iii) requires, a decision by the Pennsylvania Supreme Court which recognizes a new and retroactive constitutional right outside the permissible filing period provided under the PCRA.").

Furthermore,

> [n]othing in ***Bradley*** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right. To the contrary, our Supreme Court in ***Bradley*** unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel.

***Stahl***, 292 A.3d at 1136. This Court has declined to extend the holding of ***Bradley*** to cases such as Appellant's, which involve an untimely second PCRA petition, and ***Bradley*** does not provide a basis to overcome the PCRA time bar. ***See id.***; ***Commonwealth v. Ruiz-Figueroa***, 1531 EDA 2022, 2023 WL 4115626 at *2-3 (Pa. Super. filed Jun. 22, 2023) (unpublished mem.)

---

[5] ***See*** Pa.R.A.P. 126(b) (providing that this Court may cite to non-precedential decisions of this Court filed after May 1, 2019, for their persuasive value).

(explaining that **Bradley** does not provide relief from the denial of an untimely second PCRA petition).

On this record, we conclude that Appellant's second PCRA petition was untimely, and he has failed to plead and prove an exception to the PCRA time bar. **See Blakeney**, 193 A.3d at 361; **see also** 42 Pa.C.S. § 9545(b)(1). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition as untimely.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023